

# NUMBERS 13-11-00351-CR & 13-11-00352-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JASON CLARK,**                                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

In cause 13-11-00351-CR, pursuant to a plea-bargain agreement, appellant, Jason Clark, pleaded guilty to four counts of sexual assault of a child and one count of indecency with a child, each a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.22, 22.011 (West 2003). The Court accepted the plea agreement and placed appellant on deferred-adjudication community supervision for a period of ten years.

In cause 13-11-00352-CR, appellant was indicted on one count of failure to comply with sex-offender registration requirements, a third-degree felony. *See* TEX. CODE CRIM. PROC. ANN. § 62.102 (West 2006). Pursuant to a plea-bargain agreement, appellant pleaded guilty, was convicted, and the trial court sentenced him to a term of ten years' incarceration in the Texas Department of Criminal Justice ("TDCJ"). The trial court suspended the imposition of sentence and placed appellant on community supervision for a period of ten years to run concurrently with his community-supervision term.

Appellant thereafter failed to comply with sex-offender registration requirements and failed to report pursuant to his community-supervision requirements. The State filed a motion to revoke community supervision in each case. Appellant pleaded true to all but one of the State's allegations in the State's motion to revoke. After receiving evidence, the trial court revoked appellant's community supervision. In cause 13-11-00351-CR, the trial court adjudicated appellant guilty on all five counts and sentenced appellant to ten years of confinement in TDCJ. In cause 13-11-00352-CR, the trial court sentenced appellant to a term of seven years of confinement in TDCJ. The sentences were ordered to run concurrently.

Appellant timely perfected appeal in each case, and as discussed below, his court-appointed counsel filed an *Anders* brief in each case. We affirm.

## I.  *ANDERS* BRIEF

Although no motion to consolidate these appeals has been filed, in the interest of judicial economy we issue a single opinion herein disposing of both appeals. In each appeal, pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court,

2

stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. In each case, counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgments. In each case, counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[1] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response in either appeal. *See In re Schulman*, 252 S.W.3d at 409.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  In each case, we have reviewed the entire record and counsel's brief, and have found nothing that would arguably support an appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  There is no reversible error in the record of either case.  Accordingly, the judgments of the trial court are affirmed.

## III.  MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)  ("[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw in each case.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant

4

and to advise him of his right to file a petition for discretionary review in each case.[2]  *See*

TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*,

206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

_____

Gregory T. Perkes
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of October, 2011.

---

[2]  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.